**ORIGINAL**



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 16 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMILY PARKER,<br>    Plaintiff<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC. and<br>JOHN DOE,<br>    Defendants | )<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>) **1:06-CV-0618 WSD**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) |

## COMPLAINT

Plaintiff Emily Parker, by and through counsel, brings this action against Defendants NCO Financial Systems, Inc. (hereinafter "NCO") and John Doe on the grounds and in the amounts set forth herein.

### I. PRELIMINARY STATEMENT

1.  This action seeks redress for the defendants violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692, *et seq.* in connection with the collection of a consumer debt.

1

## II. PARTIES

2. Plaintiff Emily Parker is a natural person and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant NCO is a Georgia foreign Corporation engaged in the business of collecting debts in the state of Georgia.

4. Defendant NCO may be served upon its registered agent CT Corporation, 1201 Peachtree Street, Atlanta, Georgia 30361.

5. Defendant NCO is engaged in the collection of debts from consumers using the mail and telephone.

6. Defendant NCO regularly attempts to collect consumer debts alleged to be due to another.

7. Defendant NCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant John Doe is a person whose true name is presently unknown to the Plaintiff, and who therefore is sued by such fictitious name. Plaintiff is informed, believes and thereon alleges that the fictitiously named defendant John Doe is a debt collector who perpetrated some or all of the wrongful acts alleged herein, and is jointly and severally liable to the Plaintiff.

9. Plaintiff will seek Leave of Court to amend this Complaint to state the true name of such fictitiously named defendant John Doe when ascertained.

10. Defendant John Doe is engaged in the collection of debts from consumers using the mail and telephone.

11. Defendant John Doe regularly attempts to collect consumer debts alleged to be due to another.

12. Defendant John Doe is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13. Upon information and belief, Defendant John Doe was employed by Defendant NCO as a debt collector at the time of the events as detailed in section five of this Complaint.

14. The Defendants are engaged in the collection of debts from consumers using the mail and telephone.

15. The Defendants regularly attempt to collect consumer debts alleged to be due to another.

16. The Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

17. Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

18. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## IV. STATUTORY STRUCTURE

19. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

20. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

21. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

22. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

23. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V.   FACTUAL ALLEGATIONS

24. The Defendants' were engaged in the collection of a consumer purpose debt allegedly owed by the Plaintiff to Citibank for a consumer purpose credit card (hereinafter "account" or "debt").

25. Upon information and belief, Plaintiff opened account with Citibank in 1997.

26. Upon information and belief, Plaintiff's account went into default in January 2005 due to the Plaintiff's unexpected unemployment.

27. Upon information and belief, Citibank sold, transferred, or assigned the Plaintiff's account to NCO's office for collection.

28. At the time of the events described herein, Plaintiff resided with her daughter.

29. From approximately October 2005 through November 2005, the defendants telephoned the plaintiff in an attempt to collect the debt.

30. From approximately October 2005 through November 2005, the defendants telephoned the Plaintiff's residence and left voice mail messages stating that the messages were from "Mike Vocoker" for Emily Parker, and the telephone number for her to return his call.

31. On or about December 1, 2005, Plaintiff's mother was babysitting the Plaintiff's daughter at the Plaintiff's residence.

32. On or about December 1, 2005, Defendant John Doe telephoned the Plaintiff's residence, on behalf of Defendant NCO and with the intent to annoy, harass, and abuse Plaintiff.

33. On or about December 1, 2005, Defendant John Doe, on behalf of Defendant NCO and with the intent to annoy, harass, and abuse, left a message on the Plaintiff's answering machine which stated: "Emily Parker an opportunity for you to settle your Citibank account for $7,000 that will be the entire settlement on the account my number is 800-924-3585, extension 2290; I can only offer this settlement today…"

34. On or about December 1, 2005, Plaintiff's mother and daughter heard the voice mail message as Defendant Doe left the verbal message regarding the details of the debt on the Plaintiff's answering machine.

35. On or about December 1, 2005, the Plaintiff's mother asked the Plaintiff for additional details regarding the answering machine message left by the Defendants.

36. On or about December 1, 2005, the Plaintiff's daughter asked the Plaintiff for additional details regarding the answering machine message left by the Defendants.

37. On or about December 1, 2005, Plaintiff was embarrassed by the message regarding the debt left on the answering machine.

38. On or about December 1, 2005, Plaintiff was embarrassed when her mother asked for additional details regarding the message left by the defendants.

39. On or about December 1, 2005, Plaintiff was embarrassed when her daughter asked for additional details regarding the message left by the defendants.

40. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, and frustration, amongst other negative emotions.

## V. CAUSES OF ACTION

41. The Defendants violated the FDPCA by communicating, in connection with the collection of a debt, with persons other than the consumer, in violation of 15 U.S.C. § 1692c(b).

42. The Defendants violated the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, and abuse persons in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

43. As a result of the foregoing violations of the FDCPA, the Defendants are liable to Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Emily Parker prays that judgment be entered against the Defendants for the following:

A. Award Plaintiff actual damages;

B. Award Plaintiff statutory damages of $1,000.00;

C. Award Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

D. Such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated: March 15th, 2006.

        Respectfully submitted,

        LAW OFFICE OF LISA D. WRIGHT, LLC

        By: _____
        Lisa D. Wright
        Attorney for Plaintiff
        Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Emily Parker, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Emily Parker
Plaintiff

Sworn and subscribed before
Me this 15th day of March, 2006

_____
NOTARY PUBLIC

My commission expires:
Nov 4 2007

[Notary seal: WILLIAM BRAKEBILL, MY COMMISSION EXPIRES NOV 4 2007, FULTON COUNTY, GA, NOTARY PUBLIC]

11